No. 2, original. WISCONSIN ET AL. *v.* ILLINOIS ET AL.;
No. 3, original. MICHIGAN *v.* ILLINOIS ET AL.; and
No. 4, original. NEW YORK *v.* ILLINOIS ET AL. April 3, 1940.

ORDER.

Upon consideration of the return of the States who are complainants in the above entitled causes to the rule issued January 29, 1940, requiring them to show cause why the petition of the State of Illinois for temporary modification of the decree of this Court entered April 21, 1930, and enlarged May 22, 1933, should not be granted, and of the argument had thereon,

IT IS ORDERED that the petition of the State of Illinois and the return of the complainant States to the order to show cause be referred to Monte M. Lemann, Esquire, as a Special Master, with directions and authority to make summary inquiry and to report to this Court with all convenient speed with respect to the actual condition of the Illinois Waterway by reason of the introduction of untreated sewage, and whether, and to what extent, if

any, that condition constitutes an actual menace to the health of the inhabitants of the complaining communities, and also with respect to the feasibility of remedial or ameliorating measures available to the State of Illinois without an increase in the diversion of water from Lake Michigan.

The Special Master is authorized to employ stenographic and clerical help, to fix times and places for taking evidence, to issue subpoenas to witnesses, including those of his own selection, and to administer oaths. When the report of the Special Master is filed the clerk of the Court shall cause the same to be printed. The Special Master shall be allowed his actual expenses and a reasonable compensation for his services to be fixed hereafter by the Court. The allowances to him, the compensation paid to his stenographic and clerical assistants and the cost of printing his report shall be charged against and be borne by the parties in such proportions as the Court hereafter may direct.

If the appointment herein made of a Special Master is not accepted, or if the place becomes vacant during the recess of the Court, the Chief Justice shall have authority to make a new designation which shall have the same effect as if originally made by the Court herein.

[See *ante,* p. 569.]